IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Roger Raynard Parker, | ) | C/A No. 8:16-cv-02790-PMD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 15.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 8, 2016.[1]  [Doc. 1.]
On November 14, 2016, Respondent filed a motion for summary judgment and a return
and memorandum to the Petition.  [Docs. 14, 15.]  On that same day, the Court filed an
Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner
of the summary judgment procedure and of the possible consequences if he failed to
adequately respond to the motion.  [Doc. 16.]  After receiving an extension of time [Doc.
19], on January 9, 2017, Petitioner filed a response in opposition to the motion for
summary judgment [Doc. 22], to which Respondent filed a reply on January 17, 2017 [Doc.

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).
Accordingly, this action was filed on August 8, 2016.  [Doc. 1-2 (envelope marked as
received by prison mailroom on August 8, 2016).]

24].  Having carefully considered the parties' submissions and the record in this case, the undersigned recommends Respondent's motion for summary judgment be granted.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Broad River Correctional Institution pursuant to orders of commitment of the Charleston County Clerk of Court.  [Doc. 1 at 1.]  In March 2007, Petitioner was indicted for murder.  [Doc. 14-4 at 5–6.]  On February 25, 2008, represented by Andrew Grimes ("Grimes") and Jason Mikell ("Mikell"), Petitioner proceeded to trial before the Honorable R. Markley Dennis, Jr.  [App. 1–750.[2]]  On February 28, 2008, the jury returned a verdict of guilty.  [App. 733.]  Petitioner was subsequently sentenced to life imprisonment.  [App. 749.]

**Direct Appeal**

Petitioner appealed his conviction.  [Doc. 14-4.]  Chief Appellate Defender Robert M. Dudek ("Dudek") represented him on direct appeal.  [App. 751–68.]  Petitioner raised the following issue on direct appeal:

> Whether the court erred by refusing to instruct on defense requests to charge seven, eight, and nine on the "protection of a person's and property act," S.C. Code § 16-11-410 *et. seq*., since these were correct presumptions under this statute which provides that a person is presumed to have a reasonable fear of imminent peril of death or great bodily harm to himself or another person where another person is unlawfully and forcibly in their dwelling, or has to be forcefully removed from the dwelling, since appellant had to forcibly remove the decedent to protect his father from harm?

[App. 754.]  The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on August 2, 2010.  [App. 791–92.]

---

[2]The Appendix can be found at Docket Entry Numbers 14-2 through 14-3.

Petitioner, represented by Dudek, then filed a petition for rehearing [App. 793–800], which was denied on September 24, 2010 [App. 801–02]. Petitioner, represented by Dudek, petitioned for a writ of certiorari. [App. 803–21.] On January 11, 2012, the Supreme Court of South Carolina denied the petition for writ of certiorari. [App. 835.] Remittitur was issued on February 3, 2012. [App. 836.]

**PCR Proceedings**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on November 14, 2012. [App. 837–49.] Petitioner alleged he was being held in custody unlawfully based on the following grounds:

> 1. Counsel failed to adequately investigate the facts and circumstances surrounding the death of the victim;
>
> 2. Counsel failed to pre-trial the murder indictment based upon the facts that the indictment failed to set forth the greater including only the greater charge, and in the Applicant's indictment the greater is including the lesser charge;
>
> 3. Counsel failed to call Applicant's witnesses to testify at trial as Applicant made several demands to counsel to contact his witnesses;
>
> 4. Counsel failed to proffer evidence to the court to compel the court to give the Applicant's trial jury a self-defense charge; and
>
> 5. Appellate counsel failed to pursue all appeal remedies by the S.C. appellate court processes for the sake of being in compliance with the proper exhaustion doctrine.

[App. 844–49.] The State filed a return, dated July 5, 2013. [App. at 850–55.]

A hearing was held on May 19, 2014, and Petitioner was represented at the hearing by Christopher L. Murphy ("Murphy"). [App. 856–903.] On September 18, 2014, the PCR

court filed an order denying and dismissing the PCR application with prejudice. [App. 904–19.] A notice of appeal was timely filed and served. [Doc. 14-6.]

Lara M. Caudy ("Caudy") of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated April 27, 2015. [Doc. 14-7.] The petition asserted the following two issues:

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to request a jury instruction on the lesser included offense of voluntary manslaughter where there was evidence Petitioner shot the decedent in the sudden heat of passion upon sufficient legal provocation?
>
> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when trial counsel failed to call Petitioner's mother, Virginia Johnson, as a witness at trial where Johnson witnessed the events leading up to the shooting and her testimony supported Petitioner's defense of self-defense and would have further supported a voluntary manslaughter jury instruction?

[*Id.* at 3.] The State filed a return, dated September 14, 2015. [Doc. 14-8.] The Supreme Court of South Carolina denied the petition for writ of certiorari by Order, dated June 16, 2016. [Doc. 14-9.] Remittitur issued July 5, 2016. [Doc. 14-10.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on August 8, 2016. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition:

> **GROUND ONE:** State Court's resolution of PCR Application was contrary to, and involved an unreasonable application of clearly established federal law.

| | |
|---|---|
| *Supporting facts*: | Counsel failed to request a less[e]r included offense to murder; and also failed to call defense witnesses on behalf of his client. |
| **GROUND TWO:** | Failure of the Court to afford Due Process by charging a less[e]r included offense when evidence apparent on its face at trial supporting the less[e]r offense! |

[Docs. 1 at 5–6; 1-1 at 10–13.]

As stated, Respondent filed a motion for summary judgment on November 14, 2016. [Doc. 15]. Petitioner filed a response in opposition on January 9, 2017 [Doc. 22], to which Respondent filed a reply on January 17, 2017 [Doc. 24]. Accordingly, this action is ripe for review.

## APPLICABLE LAW

### Liberal Construction of Pro Se Petition

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides

in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
>
> > (A) citing to particular parts of materials in the record,
> > including depositions, documents, electronically stored
> > information, affidavits or declarations, stipulations
> > (including those made for purposes of the motion only),
> > admissions, interrogatory answers, or other materials;
> > or
> >
> > (B) showing that the materials cited do not establish the
> > absence or presence of a genuine dispute, or that an
> > adverse party cannot produce admissible evidence to
> > support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to

the non-movant, he must produce existence of a factual dispute on every element essential

to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

8

to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)  (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)  (I) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is

barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87.

In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

## DISCUSSION

**Procedurally Barred Claim**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Here, Respondent contends Ground Two is procedurally barred. [Doc. 14 at 16.] Petitioner argues he can establish cause and actual prejudice for the procedurally barred claim under *Martinez v. Ryan*, 566 U.S. 1 (2012). [Doc. 1 at 9.]

In Ground Two, Petitioner asserts that he was denied due process when the trial court erred by failing to instruct the jury on involuntary manslaughter. [Doc. 1 at 6.] Petitioner did not raise this issue on direct appeal. Therefore, this ground was not fairly presented to the state courts; thus, this claim is procedurally barred from federal habeas review unless Petitioner has demonstrated (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation or (2) that a fundamental miscarriage of justice has occurred. *See Coleman*, 501 U.S. at 750 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise not, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 566

U.S. at 7 (holding that, in certain circumstances, ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial). Here, as stated, Petitioner appears to argue he can establish cause for the procedural default under *Martinez*.

In *Martinez*, the Supreme Court held,

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 14.

Here, Petitioner has failed to establish cause with respect to Ground Two. Petitioner claims he did not raise Ground Two because "[c]ounsel on PCR abandoned this claim." [Doc. 1 at 9.] However, Petitioner has made no underlying ineffective assistance of trial counsel claim with respect to this ground. *See Martinez*, 566 U.S. at 14 (holding that a petitioner may establish cause for the default if he demonstrates his PCR counsel was ineffective and that the underlying ineffective assistance of trial counsel claim is a substantial one, i.e., it has some merit). Accordingly, Petitioner has not demonstrated

cause to excuse the procedural default, and the undersigned recommends that summary judgment be granted on Ground Two.[4]

**Merits of Remaining Claims**

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 562 U.S. at 102 ("Under § 2254(d), a habeas court must determine what

---

[4]To the extent Petitioner asserts ineffective assistance of trial counsel for failing to request a jury instruction on the lesser included offense, the undersigned will address this issue below.

arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

In Ground One, Petitioner argues that trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of voluntary manslaughter and for failing to call certain defense witnesses at trial. [Docs. 1 at 5; 1-1 at 9–13.] Petitioner contends that the PCR court's resolution of these issues was contrary to, or an unreasonable application of, clearly established federal law. [Doc. 1 at 5.]

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[5] *Richter*, 562 U.S. at 101. "A state court must be granted a deference and

_____

[5]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove

latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

### Failure to Request Voluntary Manslaughter Instruction

The PCR court evaluated trial counsel's performance under the standard set forth in *Strickland*. [App. 904–19.] The PCR court found,

> The Applicant asserts trial counsel was ineffective for failing to request a voluntary manslaughter jury instruction. This Court finds this allegation is without merit. This Court finds Counsel articulated a valid strategic basis for failing to request a jury instruction on the lesser included offense. *Strickland* requires that trial counsel must be given leeway, to make

_____

two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

reasonable strategic decisions. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065. "Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id*. at 693, 104 S.Ct. at 2067. Therefore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S.Ct. at 2065. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689, 104 S.Ct. 2065. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1996), *Underwood v. State*, 309 S.C. 560, 562, 425 S.E.2d 20, 22 (1992), *Stokes v. State*, 308 S.C. 546, 548, 419 S.E.2d 778, 778-79 (1992). Courts must be wary of second guessing counsel's trial tactics; and where counsel articulates a valid reason for employing such strategy, such conduct is not ineffective assistance of counsel. *Whitehead v. State*, 308 S.C. 119, 122, 417 S.E.2d 529, 531 (1992) (citing *Goodson v. U.S.*, 564 F.2d 1071 (4th Cir. 1977)).

At the evidentiary hearing, Counsel testified he considered requesting a Voluntary Manslaughter jury instruction, but ultimately decided not to request the lesser included offense. Counsel testified he felt the State would have trouble proving the malice element of Murder therefore, Counsel testified, he thought the best strategy was to go "all or nothing" and not give the jury the option of Voluntary Manslaughter, if the jury felt the State did not prove malice. Counsel testified he tried another self-defense case similar to the Applicant's and in that case, he did not request a jury instruction on Voluntary Manslaughter and the jury acquitted the defendant of Murder.

This Court finds counsel articulated a valid strategic basis for his decision not to request a Voluntary Manslaughter jury instruction. The South Carolina Court of Appeals recently held in *Abney v. State*, that trial counsel is not ineffective

where he can articulate a valid strategic reason for failing to request a lesser offense jury instruction. 408 S.C. 41, 45–47, 757 S.E.2d 544, 546-47 (Ct. App. 2014), *reh'g denied* (April 24, 2014). *See Dempsey v. State*, 363 S.C. 365, 370-72, 610 S.E.2d 812, 815-16 (2005) (counsel not ineffective for failure to request charge on lesser included offense); *State v. Funchess*, 267 S.C. 427, 429, 229 S.E.2d 331, 332 (1976) ("[I]t is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is only guilty of the lesser offense."). This Court finds the strategy employed by Counsel was valid and did not result in any failure by Counsel to meet an objectionably reasonable standard of performance. This Court finds the Applicant has failed to carry his burden of proving trial counsel was ineffective in this regard.

[App. 914–16.]

The PCR court's denial of Petitioner's ineffective assistance claim regarding trial counsel's failure to request a voluntary manslaughter instruction was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, as stated, the PCR court applied the *Strickland* standard, which is the Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to nor an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. The facts supporting the PCR court's reasoning are well-founded in the record before the court. [*See, e.g.,* App. 883–91.] *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance

requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." (Internal citation omitted)). Trial counsel was able to articulate a valid reason for failing to request a jury instruction on the lesser included offense of voluntary manslaughter. [*See* App. 883–84.] This Court cannot conclude that the state court incorrectly or unreasonably applied Supreme Court precedent; thus, Petitioner is not entitled to habeas corpus relief on this claim.[6]

### Failure to Call Witnesses

To the extent Petitioner argues that trial counsel was ineffective for failing to call certain witnesses, specifically his mother Virginia Johnson ("Mrs. Johnson"), his claim

---

[6]In his response in opposition, Petitioner cites *Tisdale v. State*, 662 S.E.2d 410 (S.C. 2008), to support his claim that counsel was ineffective for failing to request a lesser included instruction. [Doc. 22 at 10.] However, Petitioner's reliance on *Tisdale* is misplaced. In *Tisdale*, trial counsel was found to be deficient for failing to request jury instructions on accidental and involuntary manslaughter given evidence of physical struggle. *Tisdale*, 662 S.E.2d at 412 (stating "[e]vidence of a struggle between the defendant and the victim over a weapon supports submission of an involuntary manslaughter charge.") Demonstrated evidence of a struggle over a weapon and an accidental discharge are facts not present in Petitioner's case.

cannot succeed. Again, the PCR court applied the *Strickland* standard to this allegation and found as follows,

The Applicant asserts trial counsel was ineffective for failing to call the Applicant's mother to testify as a witness for the defense at trial. This Court finds this allegation is without merit. Where counsel articulates a valid strategic reason for his action or inaction, counsel's performance should not be found ineffective. *Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1996); *Underwood v. State*, 309 S.C. 560, 562, 425 S.E.2d 20, 22 (1992); *Stokes v. State*, 308 S.C. 546, 548, 419 S.E.2d 778, 778-79 (1992). Courts must be wary of second guessing counsel's trial tactics; and where counsel articulates a valid reason for employing such strategy, such conduct is not ineffective assistance of counsel. *Whitehead v. State*, 308 S.C. 119, 122, 417 S.E.2d 529, 531 (1992) (citing *Goodson v. U.S.*, 564 F.2d 1071 (4th Cir. 1977)).

Trial counsel provided credible testimony that he discussed with the Applicant calling the Applicant's mother, Virginia Johnson, as a witness at trial. Counsel testified he ultimately decided not to call Mrs. Johnson because she was not present when the shooting took place and he did not think her testimony would add to the facts of the case or the Applicant's testimony. This Court finds counsel did not provide deficient performance when deciding not to call a witness whose testimony he did not think would be supportive of the Applicant's defense.

After hearing the testimony of the Applicant's mother at the evidentiary hearing, this Court finds her testimony would not have added anything to the Applicant's version of facts. This Court finds Mrs. Johnson's testimony was particularly unhelpful to the defense since she was not present when the shooting occurred and did not witness the final interaction between the Applicant and the victim, which became the basis for the Applicant's self-defense claim at trial. This Court finds further no prejudice resulted from Counsel's failure to call Mrs. Johnson as a witness at trial since the Applicant took the stand to testify as to his version of events the night of the murder and any testimony from Mrs. Johnson would likely have been cumulative to the Applicant's trial testimony. This Court finds the Applicant has failed to carry his burden of proving trial

counsel was ineffective for failing to call the Applicant's mother as a witness at trial.

[App. 913–14.]

Based on a review of the trial transcript and PCR hearing transcript, the undersigned finds that the PCR court properly applied *Strickland* and the decision was reasonable. Mrs. Johnson testified at the PCR hearing that she did not see the shooting. [App. 896.] As stated, the PCR court found the because Mrs. Johnson did not witness the shooting, trial counsel's decision not to call Mrs. Johnson as a witness was neither deficient nor prejudicial and her testimony would not have added to the facts of the case. [App. 913–14.] What is more, "[a] criminal defense attorney is obligated to follow his client's wishes only with regard to the fundamental issues that must be personally decided by the client. . . If the decision is a tactical one left to the sound judgment of counsel, the decision must be just that—left to the judgment of counsel." *United States v. Chapman*, 593 F.3d 365, 369 (4th Cir. 2010). The decision of "which witness to call is a classic tactical decision left to counsel." *Id*. (citing *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney.")) "Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel." *Bell v. Evatt*, 72 F.3d 421, 429 (4th Cir. 1995). This Court cannot find the PCR court's decision to be an unreasonable determination—*i.e.*, a determination based on error evident "beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Because Petitioner has not established that the PCR court's decision was contrary to, nor an unreasonable application of, applicable Supreme Court precedent, Petitioner is not entitled to habeas corpus relief

on this claim. Accordingly, the undersigned recommends that summary judgment be granted on Ground One.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment [Doc. 15] be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 22, 2017
Greenville, South Carolina