# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Roger Raynard Parker, #326788, ) | |
| ) | |
| Petitioner, ) | C.A. No.: 8:16-cv-2790-PMD |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on two motions filed by Petitioner Roger Raynard Parker: (1) a motion to alter or amend a judgment the Court previously entered in this case (ECF No. 38); and (2) a motion to strike a reply filed by Respondent Larry Cartledge (ECF No. 36). For the following reasons, the motion to alter or amend is denied, and the motion to strike is moot.

## BACKGROUND

On July 13, 2017, this Court entered an order dismissing Parker's application for relief under 28 U.S.C. § 2254. Judgment was entered the same day.

The Court's July 13 order adopted a report and recommendation ("R & R") that United States Magistrate Judge Jacquelyn D. Austin filed on June 22, 2017. Parker's deadline to object to the R & R was July 10. In its order adopting the R & R, the Court noted that Parker had not filed any objections.

The following day, the Court received a set of objections from Parker. Cartledge replied to the objections on July 28, arguing they were untimely and, in any event, lacked merit.

Parker asks the Court to strike Cartledge's reply. In a separate motion, Parker asserts that he timely filed his objections and that this Court should consider them on the merits.

1

**DISCUSSION**

Parker's motion to alter or amend the judgment is untimely. Parker moves for relief under Federal Rule of Civil Procedure 59(e). Such motions must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Consequently, any motion to alter or amend this Court's July 13 judgment was due by August 10. Parker, however, did not file his motion until August 15.[1]

Out of an abundance of caution, the Court has also construed Parker's motion as arising under Federal Rule of Civil Procedure 60. The Court sees no basis for granting relief under that rule. Parker's objections were untimely,[2] they largely rehashed earlier arguments, and Parker's lone specific objection was improperly asserted for the first time after the R & R was issued. *See Addison v. CMH Homes, Inc.*, 47 F. Supp. 3d 404, 412 (D.S.C. 2014) (stating the Court has no obligation to consider new arguments a party raises for the first time in his objections to an R & R); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). Consequently, the Court's July 13 judgment was not the product of a mistake, *see* Fed. R. Civ. P. 60(a), and Parker lacks a meritorious position on the timeliness and substance of his objections, *see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (stating a party cannot obtain relief

---

1. Parker, who is incarcerated, asserts he did not receive the Court's July 13 order and judgment in the mail until August 8. To the extent Parker is asking for an extension of his deadline to file his Rule 59(e) motion, that request is denied; the Court cannot extend the deadline. *See* Fed. R. Civ. P. 6(b)(2).

2. Because Parker is a prisoner, the objections are deemed filed on the date he delivered them to the prison's mailroom. *See* R. 3(d), § 2254 Rules. The envelope containing the objections bears a stamp stating the envelope was received in the mailroom August 11, a day after the deadline. Although Parker asserts in his motion that he brought the objections to the mailroom on July 3, he has not properly supported that assertion. *See id.* Moreover, although the objections contain a certificate of service that appears to be dated July 10, that certificate purports to show only the date on which the objections were served on Cartledge, not the date on which they were filed.

under Rule 60(b) unless he shows he has, *inter alia*, "a meritorious defense," and then satisfies one of the rule's subsections).

For the foregoing reasons, Parker's motion to alter or amend is **DENIED**. Because Parker has not shown any basis for revisiting the Court's prior decision, his motion to strike is **MOOT**.

Finally, Parker asks that his motion to alter or amend be construed alternatively, as a notice of appeal of the July 13 order. The Court does so, and it directs the Clerk's office to process the motion as a notice of appeal filed under Federal Rule of Appellate Procedure 3(a).[3]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 24, 2017**
**Charleston, South Carolina**

---

3. The Court expresses no view on whether the notice complies with the Federal Rules of Appellate Procedure.